**Jusak Tory LIE; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–72347.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 18, 2008.

Filed Jan. 30, 2008.

Steven M. Sandberg, Esq., Morrison & Foerster LLP, Albert M. Sterwerf, Esq., Irvine, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Aviva L. Poczter, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: NOONAN, W. FLETCHER, and BEA, Circuit Judges.

MEMORANDUM *

Jusak Tory Lie and his wife Anastasia Yovita Shinta Indrayani, natives and citizens of Indonesia, seek review of the Board of Immigration Appeal's ("BIA") adoption and affirmance of the Immigration Judge's ("IJ") denial of their applications for withholding of removal and relief under the Convention Against Torture

("CAT"). Lie is an ethnic Chinese and Christian. Indrayani is an ethnic Indonesian and former Muslim who converted to Christianity.

The ineffective assistance of counsel claim raised by amicus is waived because this court generally does "not consider on appeal an issue raised only by an amicus." *Swan v. Peterson,* 6 F.3d 1373, 1383 (9th Cir.1993) (citations omitted). This court therefore only considers petitioners' claims for withholding of removal and protection under the CAT.

Where the BIA cites its decision in *Matter of Burbano,* 20 I & N Dec. 872 (BIA 1994), and does not disagree with any part of the IJ's decision, as here, the BIA adopts the IJ's decision in its entirety. *See Abebe v. Gonzales,* 432 F.3d 1037, 1040 (9th Cir.2005) (en banc). We therefore review the IJ's decision "as if it were that of the BIA." *Id.* at 1039 (quoting *Hoque v. Ashcroft,* 367 F.3d 1190, 1194 (9th Cir. 2004)). Questions of law are reviewed de novo. *See Kankamalage v. INS,* 335 F.3d 858, 861–62 (9th Cir.2003). Factual determinations are reviewed for substantial evidence and should be reversed only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Petitioners are not entitled to withholding of removal because they do not meet the clear probability standard, which is a more stringent standard than the well-founded fear standard governing asylum. *See Al–Harbi v. INS,* 242 F.3d 882, 888–89 (9th Cir.2001). This court does not reach the question of whether the disfavored group analysis, which was formulated in *Kotasz v. INS,* 31 F.3d 847, 852–54 (9th Cir.1994), and applied to ethnic Chinese in

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3

Indonesia seeking asylum in *Sael v. Ashcroft,* 386 F.3d 922, 925–29 (9th Cir.2004), applies to withholding of removal claims because, even if petitioners were permitted to make a lesser showing of individualized risk under the disfavored group analysis, the record does not compel the conclusion that they will "more likely than not" be persecuted on account of race or religion if they return to Indonesia. *See INS v. Stevic,* 467 U.S. 407, 429–30, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984); 8 C.F.R. 208.16(b)(2).

Petitioners are not eligible for relief under the CAT because they have not demonstrated that they will "more likely than not" be tortured upon return to Indonesia. *See Nuru v. Gonzales,* 404 F.3d 1207, 1221 (9th Cir.2005); 8 C.F.R. § 208.16(c)(2).

For the reasons stated, the petition is DENIED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.